99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FRANK FOODS, INC., a California corporation, Plaintiff-Appellee,
v.
CONAGRA POULTRY COMPANY, d/b/a Professional Foodservices,
Defendant-Counter-Claimant-Appellant.
 No. 95-55249.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1996.
Decided Oct. 21, 1996.
 
 Before: BRUNETTI and RYMER, Circuit Judges; TANNER,* District Judge.
 MEMORANDUM**
 ConAgra Poultry Company d/b/a Professional Foodservices ("PFS") appeals the district court's denial of their motion for summary judgment, the denial of their motion for joinder, and the grant of Frank Foods, Inc.'s motion for summary judgment. We have jurisdiction over this timely appeal and we affirm in part, reverse in part, and remand for further proceedings.
 STANDARDS OF REVIEW
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). Jesinger, 24 F.3d at 1130. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Warren, 58 F.3d at 441; Jesinger, 24 F.3d at 1130. The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. Jesinger, 24 F.3d at 1130. When a mixed question of fact and law involves undisputed underlying facts, summary judgment may be appropriately granted. Union School Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir.), cert. denied, 115 S.Ct. 428 (1994). Summary judgment is not proper, however, if material factual issues exist for trial. Warren, 58 F.3d at 1441.
 A district court's decision concerning joinder pursuant to Fed.R.Civ.P. 19 is generally reviewed for an abuse of discretion. United States ex rel. Morongo Band of Mission Indians v. Ross, 34 F.3d 901, 907 (9th Cir.1994). To the extent that the determination whether the movant's interest is impaired by failure to join an allegedly indispensable party involves an interpretation of law, review is de novo. Morongo Band, 34 F.3d at 907.
 DISCUSSION
 PFS challenges the district court's denial of its motion for summary judgment which alleged that Frank Foods was not a real party in interest, pursuant to Fed.R.Civ.P. 17, to bring this collection action. The district court ruled that Frank Foods was a proper party to bring this action because Frank Foods did not effect a complete assignment of its rights to Greyhound Financial Capital Corporation ("Greyhound") because Frank Foods retained the rights to any excess recovery collected on the debt by Greyhound. We agree with the district court. The retention by Frank Foods of the rights to any excess recovery collected indicates that Frank Foods only effected a partial assignment of its rights and, therefore, Frank Foods remains as a real party in interest under Fed.R.Civ.P. 17 together with Greyhound and Monfort, Inc. ("Monfort"). See generally Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1545.
 However, PFS's challenge to the district court's denial of its motion for joinder pursuant to Fed.R.Civ.P. 19 and 20 is well taken. The agreements between Frank Foods, Greyhound and Monfort do not provide for ratification as required by Fed.R.Civ.P. 17. Ratification requires that the ratifying party authorize the continuation of the lawsuit and agree to be bound by the result of the lawsuit. Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 712 (9th Cir.1992). The lien agreements between Frank Foods, Greyhound and Monfort do not provide that Greyhound and Monfort agree to be bound by Frank Foods lawsuit against PFS. Because as set forth above, both Frank Foods and its creditors are real parties in interest, absent the ratification, then PFS is subject to possible double or triple payments of its debt to Frank Foods under the provisions of Cal.Com.Code §§ 9318 and 9502. Therefore, both Greyhound and Monfort are indispensable parties under Fed.R.Civ.P. 19, and, as such, the district court erred in denying Frank Foods' motion for joinder. Upon remand, Greyhound and Monfort shall be joined as indispensable parties.
 The district court also erred in granting Frank Foods' motion for summary judgment because it did not have all the proper parties before it. The entry of judgment for Frank Foods is vacated.
 Each party shall bear its own costs.
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3